UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| **Billy Garrett Cogar,** | ) | CASE NO. 1:24 CV 1404 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Reuben J. Sheperd (Doc. 12) recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections. For the reasons that follow, this Court ACCEPTS IN PART and REJECTS IN PART the R&R and REMANDS this matter to Defendant for further proceedings.

### FACTS

Only those facts necessary for a resolution of plaintiff's objections are set forth herein. Plaintiff Billy Garrett Cogar ("Cogar") filed an application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in September 2021, alleging a disability-onset date in April 2021. Defendant Commissioner of Social Security ("Commissioner") denied Cogar's application initially and on reconsideration. Cogar then requested a hearing before an

Administrative Law Judge ("ALJ"). In July 2023, the ALJ held an administrative hearing where Cogar (represented by counsel) and a vocational expert ("VE") testified. In September 2023, the ALJ issued a written decision finding Cogar not disabled.

The Appeals Council denied his request for review on June 6, 2024, making the ALJ's September 2023 decision the final decision of the Commissioner. Cogar timely instituted this action on August 16, 2024, seeking review of the Commissioner's final decision. After review, the Magistrate Judge issued an R&R recommending that this Court affirm the Commissioner's final decision. Cogar has now filed objections to that recommendation.

**STANDARD OF REVIEW**

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[ ]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[ ]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a

reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

**ANALYSIS**

In his objections to the R&R, Cogar contends that (1) the ALJ failed to explain how she considered the supportability and consistency of the medical opinions and prior administrative medical findings, and (2) the Magistrate Judge did not adequately address his argument that the ALJ erred when excluding mental limitations from the residual functional capacity ("RFC") finding.[1]

---

[1] Cogar also alleged in his brief before the Magistrate Judge that (1) the RFC was not supported by substantial evidence and (2) the ALJ erred by failing to evaluate his subjective allegations pursuant to proper legal standards. Cogar did not raise any specific objection to the R&R's recommendations concerning these assignments of error. Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). "'Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'"

3

**1. The ALJ's Consideration of the Supportability and Consistency of the Medical Opinions and Prior Administrative Medical Findings**

Cogar claims the ALJ erred by failing to explain how the medical opinions and prior administrative medical findings were inconsistent with greater limitations. Cogar insists that "the record contains evidence cited by the ALJ and ignored by the ALJ that are consistent with greater limitations" (Doc. 13, at 5), but fails to point to any specific record evidence that the ALJ ignored. Likewise, Cogar faults the Magistrate Judge for "summariz[ing] the treatment notes relating to physical and mental health" without "explain[ing] how the evidence was considered in relation to the regulatory factors and . . . explain[ing] why a portion of the opinions were rejected." (*Id.* at 3.)

Cogar's objection seemingly ignores the ALJ's actual discussion in her opinion, which spent several paragraphs—spanning several pages—walking through the medical opinions and prior administrative medical findings and explaining the supportability and consistency of each with the ultimate RFC. (Doc. 7, at 21–26.) Despite Cogar's conclusory allegations in his objection, this is not a situation where the ALJ failed to "clearly identify or discuss which records support his findings, did not acknowledge the many records that appear inconsistent with his findings, and did not explain why his findings remain appropriate despite those inconsistent records." (Doc. 13, at 4 (quoting *Stewart v. Comm'r of Soc. Sec.*, 2025 WL 218677, at *15 (N.D. Ohio Jan. 16, 2025), *report and recommendation adopted*, 2025 WL 343657 (N.D. Ohio Jan. 30, 2025)).) Rather, as the Magistrate Judge aptly summarized, "[a] subsequent reviewer can have no question about the ALJ's reasoning given her clear discussion of the factors of consistency and supportability." (Doc. 12, at 21.)

---

*McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In the end, Cogar's objection is nothing more than a disagreement with how the ALJ weighed the evidence of Cogar's physical health in the record. This Court's review is limited to whether the ALJ's decision is supported by substantial evidence. *See DeLong*, 748 F.3d at 726. An ALJ's decision should not be reversed simply because other available evidence may support finding a more restrictive RFC. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.").

For these reasons, Cogar's objection as to the ALJ's assessment of his physical functioning is not well taken and is OVERRULED.

## 2. The Magistrate Judge's Review of Whether the ALJ Erred When Excluding Greater Mental Limitations from the RFC

Cogar claims that the Magistrate Judge did not adequately address his argument that the ALJ erred when excluding greater mental limitations from the RFC. Specifically, Cogar contends the ALJ failed to explain legitimate reasons for rejecting limitations of: (1) "mildly to moderately complex 3–4 step tasks," (2) "superficial" social interactions, and (3) "over the shoulder" supervision.

In the R&R, the Magistrate Judge summarizes the ALJ's evaluation of the psychological consultants, noting that the ALJ did not adopt findings of the experts that were "not phrased in policy compliant terms," but "the ALJ did include restrictions in her RFC that were similar to those from the expert opinion." (Doc. 12, at 21–22.) The Magistrate Judge also noted that the ALJ "chose, however, not to adopt social limitations based on his professed ability to be cooperative even when he is irritable." (*Id*. at 22.) While this is true for the first two excluded limitations—it is not true for

5

the ALJ's exclusion of an over-the-shoulder supervision limitation, and the Magistrate Judge has failed to address the ALJ's exclusion of this specific limitation.

### A. Mildly to Moderately Complex 3–4 Step Tasks

First, as the Magistrate Judge pointed out, although the ALJ rejected the specific terminology of "mildly to moderately complex, 3–4 step tasks," the ALJ included a similar restriction in her RFC. To be sure, the ALJ explicitly stated that she "allowed for 'detailed' tasks[,] which appears to be the intention in allowing for mild to moderate complexity." (Doc. 7, at 25.) It is the ALJ's job to weigh the medical evidence and ultimately determine the claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439–41 (6th Cir. 2010). The ALJ is under no obligation to adopt verbatim a limitation identified in any medical opinion. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("[T]here is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim[.]"); see also *Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." (citation omitted)).

### B. Superficial Social Interactions

Second, as the Magistrate Judge also pointed out, the ALJ noted that she did not adopt the "superficial" social interactions limitation because it was not phrased in policy compliant terms. *Reeves*, 618 F. App'x at 275. The ALJ also explicitly stated that she "did not limit the nature of social interaction (superficial or otherwise)" because Cogar "engaged in non-superficial interactions without significant difficulty; even when he is irritable, he [was] still cooperative[.]" (*Id.*) [2]

---

[2] Cogar faults the ALJ for mentioning Cogar's ability to react appropriately with providers, even when irritable, as support for rejecting the superficial social interactions limitation. While Cogar is correct that courts have cautioned against the use of a claimant's interactions with healthcare

Nevertheless, while rejecting the specific superficial social interaction limitation, the ALJ did not totally dismiss evidence of Cogar's irritability. Here too, as the Magistrate Judge pointed out in the R&R, the ALJ included a restriction in her RFC that was similar to the opinion of the psychological consultants. Specifically, the ALJ included a limitation in the RFC for no "teamwork, tandem work, or interaction the with [sic] public" (Doc. 7, at 20), and noted it was because of Cogar's "self-reports of some isolation and tearful or irritable/angry affect at times." (*Id.* at 25.) *Wieman v. Comm'r of Soc. Sec.*, 2023 WL 5541597, at *3 (N.D. Ohio Aug. 29, 2023) ("Other [c]ourts in this [d]istrict have repeatedly found that limiting an individual to no team or tandem tasks is sufficient to account for a physician's opinion that an individual be limited to superficial interactions with 'others[.]'" (collecting cases)); *Romo v. Comm'r of Soc. Sec.*, 2021 WL 5040385, at *7 (N.D. Ohio July 9, 2021) ("Here, [because] the ALJ limited [the claimant] to 'no tandem work', such a limitation prevents him from working alongside coworkers and supervisors. It logically follows then that the only interaction that [the claimant] would have with his coworkers and supervisors would be superficial."), *report and recommendation adopted by* 2021 WL 4437062 (N.D. Ohio Sept. 28, 2021).

### C. Over-the-Shoulder Supervision

The Magistrate Judge, however, does not specifically address the ALJ's exclusion of an over-the-shoulder supervision limitation in the R&R. In her opinion, the ALJ acknowledges that two psychological consultants opined that Cogar should be limited to "no over the shoulder supervision."

---

providers when assessing the capability to interact appropriately with coworkers and supervisors, this was not the only evidence in the record on which the ALJ relied. There is still substantial evidence to support her ultimate RFC. For example, the ALJ discussed how the psychological consultive examiner's "own exam showed primarily normal social interaction, including eye contact, logical thoughts, frank speech, and appropriate responses, though the claimant was on the 'verge of tears' at times." (Doc. 7, at 25.)

7

(Doc. 7, at 24.) The ALJ does not include this limitation in her ultimate RFC finding, but it is not clear to this Court whether she rejected the limitation because it was unsupported by record evidence or because of some other legitimate reason.

The ALJ comments that the limitation was "not phrased in policy compliant terms and, therefore, cannot be adopted as written" and that "[t]he indication regarding supervision is not an occupational characteristic at all but depends on the personality of a specific manager or employer." (*Id.* at 25.) As mentioned above, however, the ALJ took issue with the explicit terminology of other psychological limitations, but then explained whether the record supported an alternatively phrased, similar limitation. The ALJ's failure to offer this same type of explanation concerning a limitation on over-the-shoulder supervision deprives the court of a "logical bridge between the evidence on record and his conclusion."[3] *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011); *cf. Cook v. Comm'r of Soc. Sec.*, 2020 WL 3424502, at *6 (S.D. Ohio June 23, 2020) (finding substantial evidence supported the ALJ's decision not to include a limitation of "supportive and constructive feedback" because, along with explaining that the limitation "is not an occupational characteristic at all, but rather inherent in the personality of a particular supervisor[,]" the ALJ also cited record evidence that did not support such a limitation), *report and recommendation adopted by* 2021 WL 1090636 (S.D. Ohio Mar. 22, 2021).

Further, other courts have adopted limitations concerning over-the-shoulder supervision. *E.g.*, *Rutter v. Comm'r of Soc. Sec.*, 2022 WL 4585897, at 9 (N.D. Ohio Sept. 2, 2022), *report and*

---

[3] In response to Cogar's objections, the Commissioner only summarily contends that the Magistrate Judge properly found that the ALJ did not commit any errors. (Doc. 14.) The Commissioner does not independently address the limitation on over-the-shoulder supervision.

8

*recommendation adopted by* 2022 WL 4585808 (N.D. Ohio Sept. 29, 2022). And, as Cogar points out, the vocational expert did not testify to the effect of a limitation on over-the-shoulder supervision. Case law suggests, however, that if such a limitation was included in the RFC, it could have a preclusive effect on Cogar's ability to engage in substantial gainful employment. *See Matthew H. v. Comm'r of Soc. Sec.*, 2022 WL 2255376, at *5 (S.D. Ohio June 23, 2022) (collecting cases).

For these reasons, Cogar's objection as to the Magistrate Judge's evaluation of the ALJ's rejection of a limitation on over-the-shoulder supervision is SUSTAINED.

### CONCLUSION

For the foregoing reasons, the R&R is ACCEPTED IN PART and REJECTED IN PART and this matter is REMANDED to the Commissioner for further consideration consistent with this Opinion.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 7/9/25